Second case on the block is a suit that 0-0-3-9, people of the state of Illinois plaintiff, Appellee v. Oscar Garcia, also known as Alfonso Galarra, also known as Grande, also known as Tapa, defendants of Tela, arguing on behalf of the defendants of Tela, the advanced humanitarian movement, arguing on behalf of the plaintiff, Appellee v. Jones N. Chivney. Ms. Ingram. Good morning, Your Honors. Counsel, may it please the Court, my name is Amanda Ingram and I do represent Mr. Garcia. I'd like to focus my time today on the first issue from the brief. It is undisputed that Mr. Garcia filed with the Clerk of the Court a pro se motion alleging ineffective assistance of his trial counsel. In Ayers, the Illinois Supreme Court held that when a defendant brings a claim asserting ineffective assistance of counsel, either orally or in writing, that that is sufficient to trigger the trial court's duty to conduct a critical inquiry. Where the trial court failed to conduct such an inquiry here, this Court should remain in case for further proceedings. Oscar Garcia's pro se motion alleged that Detective Bellatico gave false and misleading testimony at his grand jury hearing and that counsel was ineffective for failing to question his testimony. Although the motion used Mr. Garcia's other name, Alfonso Gallardo, he was charged in the other case that it was the same judge presiding over both cases. He used the correct case number and he used the correct judge's name. The motion was marked filed on August 25, 2016. Once a document is filed with the clerk, the court is on notice of what has been filed and is presumed to know the contents of the record kept by the clerk under his direction. The state argues that since the defendant did not serve the state, the trial court was therefore not required to consider the motion. Is that accurate? That is not accurate. There is no case law suggesting that the pro se defendant alleging ineffective assistance of counsel must formally serve all of the parties. Generally, the state does not have standing at a preliminary crinkle hearing to have any input at all, so it doesn't make sense that the pro se defendant would be required to effect formal service. In fact, there is no case in support of that position. Can a reviewing court, for example, look at the pro se motion and determine whether or not it raises potential for neglect by trial counsel? It would be premature at this point for the court to look into the merits of his motion. If the court looks to the Illinois Supreme Court holding in Moore, you will see that the court didn't concern itself with the underlying merits of the claims, just whether the trial court reviewed the motion and held a preliminary inquiry. That said, this is not a case where the motion was meritless. He was arguing he had documents backing up his claims that Detective Palatico made false statements. And hypothetically, if the trial court had considered that, the trial court had already found the defendant guilty beyond a reasonable doubt by the time he filed that motion, correct? Right. The United States v. Mechanic in a recent case from this court, people v. I believe it was Rebola or Varega, the proposition that Ms. Connick before the grand jury, it can be raised in a motion to dismiss an indictment, but if the defendant is found guilty after a fair trial, and the issue that affected the grand jury proceedings is not, doesn't occur again at the trial, then there's really no due process violation, correct? That's correct. However, this isn't an issue that's limited strictly to what Mr. Palatico said in the grand jury, because again, had trial counsel looked into this, Mr. Palatico may have been impeached at trial with the discrepancy between what he said at the grand jury versus what he said at trial. And again, when we're looking at a crinkle preliminary inquiry, the question is, has the defendant, the pro se defendant, brought this claim before the trial court? And again, this court does not have to get into the underlying merits, simply looking at whether the trial court addressed the claim at all. And the defendant should be offered the opportunity to supplement his written allegation with any other comments, correct? Right. Once the, it really depends on what happens at the preliminary inquiry. If the court makes a, does the preliminary inquiry and finds that counsel was not ineffective, then that's obviously the end. But if the court, if the trial court does a preliminary inquiry, finds that there is some merit to these claims, he can be assigned a new counsel, at which point, yes, he can supplement the claims and continue the litigation. And here there was no inquiry at all? No inquiry at all. The court didn't act on it? The court didn't. In any way? No, in any way. So, the record indicates that he filed his pro se motion on August 25th. The next date was September 12th. Now, Mr. Garcia was in court that day, but it was a very brief continuance. He wasn't prompted to speak or given any opportunity to speak. The next five court dates, there was no court reporter. There was no court reporter there, and Mr. Garcia's presence was waived for four of those five court dates. So, the next court date at which he was present and there was a court reporter was January 6th, which was when he was actually sentenced. So, by that time, about a little over four months had passed since he initially filed his petition, and at that point, the ball is rolling on denying his counseled motion for a new trial. They are presenting arguments in aggravation and mitigation. From Mr. Garcia's perspective, there have been all these court dates where his presence was waived. Who knows, he might think, I guess they've already rejected it and he didn't know. There's no reason for him to know that if he doesn't stick his neck out at his sentencing hearing that he's going to forfeit these claims. But his attorney did file a motion for a new trial. He did have a counseled motion for a new trial. And that was acted on. And that was acted on. And did that supersede his own pro se motion? No. This is a very common occurrence in a criminal courtroom where a defense attorney will file a motion for a new trial and the defendant will pro se file his own motion alleging ineffective assistance of counsel, which makes sense because you would not want a counsel trying to argue their own ineffectiveness, even if they, looking back, felt that they had done something or missed something. So it doesn't make sense for the court to address one and not the other, especially when it's coming to a claim of ineffective assistance of counsel. What is the standard of review for this court in talking about the ineffective assistance of counsel claim or the Krankel hearing? About whether there was a Krankel hearing at all? Whether there was a violation for failure to hold a Krankel hearing. Oh, well, I mean, it's so obvious from the record that there was no preliminary Krankel hearing. That's in dispute. That's not in dispute at all. As far as the standard of review, I would say, I guess you could use it of use of discretion standard. But, again, this is. Well, it's deniable if the trial court did not conduct any inquiry at all. Right. It would just be, just did not comply with the law. Well, that's what I mean is that under any standard of review, the record is so clear that there was no inquiry where one was required that, you know, this court is in the best position to rectify the situation by remanding and getting him that preliminary inquiry that, under Ayers and Moore, he is entitled to. If I may briefly address People v. Zirko, a case that the state cited after the case was fully briefed and before argument. Zirko is distinguishable on many counts, but I'd like to point out a few. One is that in Zirko, the defendant's pro se motion was marked received by the court, but it was never actually file stamped. I think that distinction is crucial because once a document is marked filed, an orderly system requires that we trust that a document marked file is actually placed in the file and before the court. A document that's marked received, there's not that trust there. We can assume this document made it to the courthouse. You cannot make an assumption that a document marked received has actually made it into the court file. Secondly, the delay between the filing of the pro se motion in Zirko was less than a week. So when Zirko filed his motion, he was before the court for sentencing six days later, I believe. So it's not like this case where months and months, multiple hearings, multiple court dates pass before he's given an opportunity to speak. And finally, Zirko is poorly reasoned as it relies on People v. Lewis, a pre-Moore case that's also a non-crinkle case for the idea that it's insufficient, a written motion is insufficient without an additional oral statement making the complaint. Zirko, because Zirko, the Lewis reasoning is probably no longer good law in light of the more recent cases of Moore and Ayers. Moore, the defendant, like the defendant here, did not say anything when he was given an opportunity to speak. The Illinois Supreme Court said it doesn't matter. The court still has to address the claims. And then in Ayers, the court reiterated that it doesn't matter if the claim is made orally or in writing. It still has to be addressed. So Zirko is not persuasive on this issue. And the more recent controlling authority should guide this court to remand this case for a preliminary crinkle hearing. With respect to the fines issue, under the Supreme Court Rule 472, we have no jurisdiction, correct? Yes, sir, I understand. If there are no further questions, thank you very much. Thank you. Ms. Kripke. General Kripke, on behalf of the people of the State of Illinois Council. Ms. Kripke, before you go on, do you dispute our position with respect to Rule 472? No. Okay. We believe that this Court does not have jurisdiction over the crinkle issue because, although it was marked filed, the motion itself was marked filed and was placed in the court record, there was no proof of service on it. And the fact that there was no proof of service, you submit that that was fatal? I believe it's fatal because nobody got served. His lawyer didn't get served. The State didn't get served. And apparently, you know, the court had asked, please, and under the Lake County local rules, you must submit a courtesy copy to the court, I think within five days of the motion being held. Now, whether or not the defendant was in court, his appearance being waived, well, he had to have been. His counsel asked for him to be waived. He had every right to be in court. So if he didn't hear or someone didn't tell him, that's because he did not choose to appear at the court, allowed that. So it's wrong to shift the burden onto saying, well, he didn't know what was going on. He chose that way to proceed. Did anybody ever acknowledge that there was this pro se ineffective petition out there? No. And that's what struck me when I first read the brief. My first reaction was, wait a minute. These are the judge, the lawyers. They're all experienced. Why wouldn't they have said something? And it just struck me so odd. And so I went and looked through the motion, and I kept looking at it, saying, what's wrong with this motion? And I said, there's no proof of service. Nobody knew it was there, including the court. And if you don't – I mean, I understand that all you have to do is let the court – what's the language you have to – apprise the court that you have this motion out there. But if you just file something without motioning it up, which is required under the rules in Lake County, without letting anybody know that it's there, it just gets put in this pile of paper. Well, isn't that inconsistent with errors where the court said pro se defendant is not required to do any more than bring his or her claim to the trial court's attention? And he didn't. He just filed this motion without proper service on it. And in this court held in Ingrassia v. Ingrassia, that without proof of service, it's not a motion that's before the court. It's in the court file, though. Maybe in the court file. And the court file is traditionally before the court, correct? That's true. And the court very well may have seen it, but we simply don't know. The defendant had an opportunity to appear in court, to tell the court he had an opportunity to speak at his sentencing. He was there when they did the other post-trial motion. An opportunity does not equate with an obligation, does it? Just because you have an opportunity to speak does not mean you're obligated to speak, does it? In this case, I would say he's obligated to speak because he failed to let the court know that this, he may have, it may be stamped filed. Because maybe they don't have a received. I've often asked about that. When the motion is put in, but it's not properly, it doesn't follow the rules. Is it truly filed? And in this case. The presumption is because it's marked filed, it is filed. It's in the court record. That's uncontested. But I understand your point. You're saying that notwithstanding the fact that the defendant has, quote, unquote, filed this motion, he has an obligation to bring it to the court's attention at least at some point, correct? I believe, if he had filed this with proof of service, and they still didn't do it, I would have confessed to err on that, I believe. Because then it would have been a properly filed document that everybody dropped the ball on. But the Supreme Court said that a defendant is not required to file a written motion, but may raise the issue orally or through a letter or a note to the court. So he doesn't even have to file anything. He could just say, he could write a little note to the court. Right, but it has to get to the court. And we have no knowledge that this and. Well, we do know that the file was before the court and in the file was the defendant's pro se motion. And there were six months or so that documents were put on top of that particular document. In addition. Doesn't the court, doesn't the judge have the obligation, though, to kind of read the court file and notice what documents are pending and what motions are pending and lift a few papers to see if there's something underneath? Maybe he did, but it says Alfonso Gallardo on this, and that was not the case. It was before him. It was in the right court file. Excuse me? It would have been in the right court file. Right, but things get misfiled. The trial court knew Garcia was Gallardo, and Gallardo was Garcia. It was the same judge in both cases. That's correct. But every other motion, every other pleading in this court was done under Oscar Garcia, and that's how he was addressed by the court. With regard to if we were to reject your argument that it was not sufficiently for the court, could we look at it independently and decide whether or not there's a potential for neglect? Or must we remand? If we disagree with your point, we have an obligation to remand. Wouldn't you agree? Correct me if I'm wrong. Thank you. Probably. But I do believe that he had to bring it to the attention of the court, and I don't believe this was brought to the attention of the court. Thank you. Thank you. Ms. Ingram, your phone. Ms. Ingram, what is your response to Ms. Griffin's argument that he needed to follow the local court rules and he did not do so? Well, certainly lawyers must follow the local court rules, but pro se defendants are generally given somewhat more lenient standards when it comes to following court rules. Where do you find authority for that? Well, in heirs. The court said the defendant can file a motion, he can write a letter to the judge, he can pipe up at a hearing at some point, and he can make his complaint before the court in that way. He's certainly not required to serve the state's attorney. He's not required to serve the state's attorney. And to that point, the idea that a proof of service is required, it just simply doesn't make sense with heirs. Because if a defendant is allowed a motion or an oral statement or a letter, but only one of those three is required to effect formal service with proof of service, you're creating separate tracks for pro se defendants depending on which they, again, acting pro se, decide to do in order to try to get the judge's attention. Well, how about if the judge didn't know it was there? Because it was filed with the clerk's office, it was stuck in the file, stuff was filed over it. I mean, isn't it incumbent upon the defendant to alert the court to say, hey, wait, you never addressed my motion? Right. Well, I have two responses to that. One is that I don't think there's any reason to assign blame to the clerk or the judge or anybody. There were, you know, there was another case that Mr. Gallardo or Mr. Garcia was involved in. There are a lot of papers. So then you don't assign blame to the defendant? No, I don't think you have to assign blame to anybody because this motion fell through the cracks. It's something that happens. But it's a mistake that can be easily remedied. I don't know if the clerk, you know, failed to follow some proper procedure or if the court missed those pages when he was reviewing the court file. We just don't know. But it really doesn't matter. And then secondly, you know, whether a defendant has an obligation to put his complaint in writing and then type up orally, again, what about the pro se defendants who, after they are sentenced, but before the notice of appeal is filed, write a letter to the judge saying, hey, judge, my attorney was ineffective. That defendant is not going to have any more court dates in front of that judge once he's been sentenced, you know, in a large majority of cases. So there's definitely going to be, you know, in order for it to be overall fair to the wide class of pro se defendants, minimal standards, not no standards, but minimal standards. And in this case, Mr. Garcia met those minimal standards when he filed a motion that was filed by the clerk of the court. And even in the first and second lines of his motion, I moved this honorable court. He's asking the court to do something. It's not his fault that he's, again, he's acting pro se. He's not familiar with all the local rules. But based on Ayers and the controlling precedent, he did what was minimally required to bring his claims to the court's attention. And, again, why the motion fell through the cracks, we don't know. And it doesn't matter. And it's a mistake that this court is in position to remedy very easily with a remand for the preliminary Franklin Inquiry. Thank you. The court thanks both parties for their arguments today. The court will take the case under advisement. A written decision will be issued in due course. The court stands in recess. Thank you.